UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JULIA CASTELLON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:17-cv-03770 |
| | ) |
| TERRACE PAPER COMPANY LLC, | ) |
| TERRACE PAPER COMPANY, INC., | ) |
| TERRACE HOLDING COMPANY, LBP | ) |
| MANUFACTURING, INC., LBP | ) |
| MANUFACTURING LLC, and PRITZKER | ) |
| GROUP PRIVATE CAPITAL, | ) |
| | ) |
| Defendants. | ) |

## DEFENDANT LBP MANUFACTURING LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant LBP Manufacturing LLC ("LBP")[1], by its attorneys Nadine C. Abrahams and Melanie I. Stewart of Jackson Lewis P.C., and for its Answer and Affirmative Defenses to the Complaint filed by Plaintiff Julia Castellon ("Plaintiff"), states as follows:

## JURISDICTION

**PARAGRAPH NO. 1:**

This is a suit in equity authorized and instituted pursuant to Tile VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000(e)-2, 42 U.S.C. § 1981, and the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq*.

**ANSWER:**

LBP admits Plaintiff purports to bring the claims described above, but denies it violated the statutes cited, denies it engaged in any unlawful employment practices or wrongful

---

[1] On June 8, 2017, Plaintiff filed a Stipulation to Dismiss Terrace Paper Company LLC, Terrace Paper Company, Inc., Terrace Holding Company, LBP Manufacturing, Inc. and Jabadon PT Company, d/b/a Pritzker Group Private Capital with prejudice as defendants in this action. Thus, the lawsuit is proceeding against LBP Manufacturing LLC only.

conduct and denies Plaintiff is entitled to relief.

**PARAGRAPH NO. 2:**

The jurisdiction of this court is invoked to secure protection of and to address deprivation of rights secured by 42 U.S.C. §2000(e)-2, 42 U.S.C. §1981 (b), 29 U.S.C § 621, et. seq., providing for declaratory, injunctive, compensatory, punitive, and other relief against employment discrimination based upon race and age. Jurisdiction of this court is based upon federal questions, 28 U.S. § 1331.

**ANSWER:**

LBP does not contest this Court's jurisdiction. LBP admits Plaintiff purports to bring the claims described above, but denies it violated the statutes cited, denies it engaged in any unlawful employment practices or wrongful conduct and denies Plaintiff is entitled to relief.

**PARAGRAPH NO. 3:**

Venue in this district is proper under 28 U.S.C. § 1391 (B). The Defendants reside or resided in this district and the events giving rise to Plaintiff's claims occurred here.

**ANSWER**:

LBP admits it resides in this district and does not contest venue. LBP denies it engaged in any unlawful employment practices or wrongful conduct and denies Plaintiff is entitled to relief.

**PARAGRAPH NO. 4:**

All conditions precedent to jurisdiction have occurred or been complied with, to-wit:

a. CASTELLON filed charges of discrimination no. 440-2017-01236 and 440-2017-01237 with the Equal Employment Opportunity Commission on December 16, 2016, copies of which are attached hereto as Exhibit 1.

b. The EEOC issued notices of right to sue to CASTELLON for charge no. 440-2017-01236 and 440-2017-01237 on February 21, 2017, a copies [sic] of which are attached hereto as Exhibit 2.

**ANSWER**:

LBP admits the allegations of Paragraph No. 4.

## PARTIES

**PARAGRAPH NO. 5:**

CASTELLON is a citizen of the United States and the State of Illinois and resides in Chicago, Cook County, Illinois.

**ANSWER:**

LBP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph No. 5.

**PARAGRAPH NO. 6:**

CASTELLON is a member of protected classes in that her race is Hispanic, and the year of her birth is 1953.

**ANSWER:**

LBP admits the allegations of Paragraph No. 6.

**PARAGRAPH NO. 7:**

Defendants are engaged in the business of manufacturing packaging products.

**ANSWER:**

LBP admits the allegations of Paragraph 7.

**PARAGRAPH NO. 8:**

TERRACE PAPER COMPANY LLC, a Delaware limited liability company, was at all times pertinent hereto an employer as that term is defined under the under Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e(b), and the ADEA, 29 U.S.C. § 630 (B).

**ANSWER:**

LBP denies that Terrace Paper Company LLC was Plaintiff's employer at the time of her termination. On June 8, 2017, Plaintiff dismissed Terrace Paper Company LLC as a Defendant in this action.

**PARAGRAPH NO. 9:**

TERRACE PAPER COMPANY INC., an Illinois corporation, is an employer as

that term is defined under the under Civil Rights Act of 1964, as amended, 42 U.S.C. ¶ 2000e(b), and the ADEA, 29 U.S.C. § 630 (B).

**ANSWER:**

LBP denies that Terrace Paper Company Inc. was Plaintiff's employer at the time of her termination. On June 8, 2017, Plaintiff dismissed Terrace Paper Company Inc. as a Defendant in this action.

**PARAGRAPH NO. 10:**

TERRACE HOLDING COMPANY, an Illinois corporation, was at all times pertinent hereto an employer as that term is defined under the under Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e(b), and the ADEA, 29 U.S.C. § 630 (B).

**ANSWER:**

LBP denies that Terrace Holding Company was Plaintiff's employer at the time of her termination. On June 8, 2017, counsel for Plaintiff dismissed Terrace Holding Company as a Defendant in this action.

**PARAGRAPH NO. 11:**

LBP MANUFACTURING, INC., an Illinois corporation, is an employer as that term is defined under the under Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e(b), and the ADEA, 29 U.S.C. § 630 (B).

**ANSWER:**

LBP denies that LBP Manufacturing, Inc. was Plaintiff's employer at the time of her termination. On June 8, 2017, counsel for Plaintiff dismissed LBP Manufacturing, Inc. as a Defendant in this action.

**PARAGRAPH NO. 12:**

LBP MANUFACTURING LLC, a Delaware limited liability company, is an employer as that term is defined under the under Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e(b), and the ADEA, 29 U.S.C. § 630 (B).

**ANSWER:**

LBP admits that it is a Delaware limited liability company. The remaining allegations in Paragraph No. 12 constitute legal conclusions to which no answer is required. To the extent an answer is required, LBP admits the allegations in Paragraph 12.

**PARAGRAPH NO. 13:**

JABODON PT COMPANY, d/b/a PRITZKER GROUP PRIVATE CAPITAL, a Delaware corporation, is an employer as that term is defined under the under Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e(b), and the ADEA, 29 U.S.C. § 630 (B).

**ANSWER:**

LBP denies that Jabodon PT Company was Plaintiff's employer. On June 8, 2017, counsel for Plaintiff dismissed Jabodon Pt Company, d/b/a Pritzker Group Private Capital as a Defendant in this action.

## BACKGROUND FACTS

**PARAGRAPH NO. 14:**

CASTELLON began her employment with Defendant in 2008. Her most recent position was Packer.

**ANSWER:**

LBP admits the allegations in Paragraph 14.

**PARAGRAPH NO. 15:**

Throughout her employment, CASTELLON performed her job duties to Defendants' legitimate expectations.

**ANSWER:**

LBP denies the allegations of Paragraph No. 15.

**PARAGRAPH NO. 16:**

On February 25, 2016, CASTELLON's employment was terminated.

**ANSWER:**

LBP admits it terminated Plaintiff's employment on or about February 24, 2016. LBP denies the remaining allegations in Paragraph 16.

**PARAGRAPH NO. 17:**

During her employment, CASTELLON's supervisor told her she was "too old" and should retire.

**ANSWER:**

LBP denies the allegations of Paragraph No. 17.

### COUNT I - RACE DISCRIMINATION - ALL DEFENDANTS
### TITLE VII and 42 U.S.C. § 1981

**PARAGRAPH NO. 18:**

CASTELLON reincorporates and realleges Paragraphs 1 through 17 as though more fully set forth herein.

**ANSWER:**

LBP incorporates its answers to allegations in Paragraphs 1 through 17 as if fully set forth herein.

**PARAGRAPH NO. 19:**

CASTELLON is a member of protected classes in that her race is Hispanic.

**ANSWER:**

LBP admits the allegations of Paragraph No. 19.

**PARAGRAPH NO. 20:**

During the course of CASTELLON's employment by Defendants, she performed to Defendant's legitimate expectations.

**ANSWER:**

LBP denies the allegations of Paragraph No. 20.

**PARAGRAPH NO. 21:**

CASTELLON's employment was terminated on February 25, 2016.

**ANSWER:**

LBP admits it terminated Plaintiff's employment on or about February 24, 2016. LBP denies the remaining allegations in Paragraph No. 21.

**PARAGRAPH NO. 22:**

One or more similarly situated employees outside of CASTELLON's protected class were treated more favorably.

**ANSWER:**

LBP denies the allegations of Paragraph No. 22.

**PARAGRAPH NO. 23:**

By terminating CASTELLON's employment and by creating, condoning, and perpetuating an environment by which the terms and conditions of employment differ for members of a protected class, Defendants have intentionally discriminated against the Plaintiff with malice or with reckless indifference to Plaintiff's federally protected rights in violation of Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981.

**ANSWER:**

LBP denies the allegations of Paragraph No. 23.

**PARAGRAPH NO. 24:**

As a result of the intentional acts complained of herein, Plaintiff has suffered and will continue to suffer the loss of employment with Defendants and the loss of salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff has also suffered pecuniary losses, emotional distress, pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

**ANSWER:**

LBP denies the allegations of Paragraph No. 24.

**PARAGRAPH NO. 25:**

Plaintiff demands a trial by jury.

**ANSWER:**

LBP admits the allegations of Paragraph No. 25 but denies it violated the statutes cited in this Complaint, denies it engaged in any unlawful employment practices or wrongful conduct and denies Plaintiff is entitled to relief.

### COUNT II - AGE DISCRIMINATION - ALL DEFENDANTS
### (ADEA)

**PARAGRAPH NO. 26:**

CASTELLON reincorporates and realleges Paragraphs 1 through 17 as though more fully set forth herein.

**ANSWER:**

LBP incorporates its answers to allegations in Paragraphs 1 through 17 as if fully set forth herein.

**PARAGRAPH NO. 27:**

CASTELLON is a member of a protected class, over forty years old.

**ANSWER:**

LBP admits the allegations of Paragraph No. 27.

**PARAGRAPH NO. 28:**

During the course of CASTELLON's employment by Defendants, she performed to Defendant's legitimate expectations.

**ANSWER:**

LBP denies the allegations of Paragraph No. 28.

**PARAGRAPH NO. 29:**

CASTELLON's employment was terminated on February 25, 2016.

**ANSWER:**

LBP admits it terminated Plaintiff's employment on or about February 24, 2016.

LBP denies the remaining allegations in Paragraph No. 29.

## PARAGRAPH NO. 30:

One or more similarly situated employees outside of CASTELLON's protected class were treated more favorably.

## ANSWER:

LBP denies the allegations of Paragraph No. 30.

## PARAGRAPH NO. 31:

Defendants, in violation of the provisions of 29 U.S.C. §621, §623 et seq., has denied and continues to deny Plaintiff an equal opportunity for employment because of her age.

## ANSWER:

LBP denies the allegations of Paragraph No. 31.

## PARAGRAPH NO. 32:

When Plaintiff was discharged, she was subjected to age discrimination in that there was a double standard set up between older employees and younger employees not included within the protected class. Plaintiff's younger counterparts were not subjected to discriminatory treatment.

## ANSWER:

LBP denies the allegations of Paragraph No. 32.

## PARAGRAPH NO. 33:

Defendants knew that the termination of Plaintiff because of her age violated the ADEA.

## ANSWER:

LBP denies the allegations of Paragraph No. 33.

## PARAGRAPH NO. 34:

This is a proceeding for declaratory judgment as to Plaintiff's right of a permanent injunction restraining Defendants from maintaining a policy, practice, usage or custom of discriminating against Plaintiff because of her age with respect to the following:

compensation, terms, conditions and privileges of employment and ways that deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee, because of age. This complaint also seeks restitution to Plaintiff for the denial of all of her rights, privileges, benefits and income that would have been received by her, but for Defendant's unlawful and illegal discriminatory practices.

**ANSWER:**

LBP admits Plaintiff requests a declaratory judgment and restitution for the claims asserted in this Complaint. LBP denies the remaining allegations of Paragraph No. 34 and denies it violated the statutes cited in this Complaint, denies it engaged in any unlawful employment practices or wrongful conduct and denies Plaintiff is entitled to relief.

**PARAGRAPH NO. 35**

Plaintiff has no plain, adequate or complete remedy at law to address the wrongs alleged, and this suit for injunctive relief is her only means of securing adequate relief. Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's policy, practice, custom and usage as set forth herein, until and unless enjoined by the Court.

**ANSWER:**

LBP denies the allegations of Paragraph No. 35.

**PARAGRAPH NO. 36:**

Plaintiff demands a trial by jury.

**ANSWER:**

LBP admits the allegations of Paragraph No. 36 but denies it violated the statutes cited in this Complaint, denies it engaged in any unlawful employment practices or wrongful conduct and denies Plaintiff is entitled to relief.

**ADDITIONAL AND AFFIRMATIVE DEFENSES**

1. To the extent Plaintiff purports to assert claims of discrimination that were not included in her Charge of Discrimination, Plaintiff has failed to exhaust her administrative remedies and any claim associated with the alleged conduct is barred and should be dismissed.

2. To the extent Plaintiff asserts claims of discrimination under the ADEA and Title VII which occurred more than 300 days before she filed her Charge of Discrimination with the EEOC, such claims are time barred.

3. Plaintiff's claim for damages must be eliminated or reduced to the extent that she is, has been, or will be compensated from collateral sources.

4. Plaintiff's claims for damages in the form of backpay and benefits are barred to the extent Plaintiff failed to take reasonable steps to mitigate her damages.

5. LBP reserves the right to bring any additional affirmative defenses that become known during the litigation of this matter.

**WHEREFORE**, LBP respectfully requests Plaintiff's Complaint be dismissed with prejudice, and for any additional relief deemed just and appropriate.

DATED: June 12, 2017    **LBP MANUFACTURING LLC**

/s/ Nadine C. Abrahams
One of Defendant's Attorneys

Nadine C. Abrahams
Melanie I. Stewart
Jackson Lewis P.C.
150 North Michigan Ave.
Suite 2500
Chicago, Illinois 60601
Tel: (312) 787-4949
AbrahamsN@jacksonlewis.com
Melanie.Stewart@jacksonlewis.com

## CERTIFICATE OF SERVICE

I, Nadine C. Abrahams, an attorney, certify that on June 12, 2017, I caused a true and correct copy of the foregoing **DEFENDANT LBP MANUFACTURING LLC'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT** to be filed with the Court by electronic filing protocols, and that same will therefore be electronically served upon all attorneys of record registered with the Court's ECF/CM system

/s/ Nadine C. Abrahams

4835-3084-3978, v. 2